# Bell's Estate.

If an executor includes in the inventory his own note to the testator, it does
not preclude him from making defence to it; nor is this such an acknowledg-
ment of the debt as takes it out of the Statute of Limitations.

APPEAL from the Orphans' Court of *Greene county.*

John Bell, senior, made his will, October 1st, 1845, wherein he
appointed his son, John Bell, junior, his executor, and died 2d
November, 1853.

The executor accepted the trust, proved the will, &c., and di-
rected the appraisers in taking an inventory of the notes, to set

[Bell's Estate.]

down the original amount of the notes, and then calculate the interest, and add that to the principal to ascertain the value of the estate. When the appraisers came to this note,

"Borrowed and received of John Bell $661, payable sixty days after date with interest from date. April 1, 1845. John Bell, junior," he called out the date and amount, as he had done with the other notes, and the appraisers, in his presence, and by his direction, inserted as follows:—

| | |
|---|---|
| "John Bell's note, | $661.00 |
| "Interest, April 5, 1845, | 342.06 |
| | $1003.06." |

When the executor settled his account, he refused to charge himself with this note, alleging that it was barred by the Statute of Limitations—and whether or not he is bound to account for it is the question before this Court.

*Purman*, *Lindsey*, and *Buchanan*, for appellants.—The executor, by accepting the trust without protest, precludes himself from the protection of the statute. 2d. His act in filing the inventory (as stated above) is a direct acknowledgment of the debt, which takes it out of the statute.

The statute takes away the remedy only, it does not extinguish the debt: *Chit. on Contracts*, 6th Am. ed., 806, 2 *Bouv. Inst.* § 2002, 488.

If the note had not been barred by the statute at the time he accepted the trust, yet, by his acceptance, the remedy would have been suspended, and the debt discharged by operation of law: Eichelberger *v.* Morris, 6 *Watts* 42; Wankford *v.* Wankford, 1 *Salk.* 306; Thompson *v.* Thompson, 2 *Johns.* 473. If the statute takes away the remedy only; and if the appointment of a debtor to be his creditor's executor merely suspends the remedy, when the debt is not barred by the statute; and if equity allows the estate to help itself when the remedy is suspended, and treats the debt as paid and the amount as assets; for what reason should equity refuse to allow the estate to help itself, even if the debt were barred by the statute, when the claim comes to the hands of the executor? In support of these principles the counsel cited Dalton *v.* Pool, 1 *Ventris' R.* 318; Brooks *v.* Smith, 2 *Young & Colyer* 58, where it is said, "The statute does not absolutely bind courts of equity;" and the Orphans' Court is absolutely a court of equity: Lewis *v.* Pratt, 2 *Whart.* 81; Irwin *v.* Dunwoody, 17 *Ser. & R.* 61, 2 *Dall.* 190; Glover *v.* Wilson, 6 *Barr* 290; Harrisburg Bank *v.* Foster, 8 *Watts* 12. Equity will not allow the bar of the statute to prevail in aid of manifest injustice: Deloraine *v.* Browne, 3 *Brown's Ch. Rep.* 633, 646; Raw *v.* Potts, *Precedents in Chancery* 35, 2 *Vernon's Rep.* 239. So when a party accepts

[Bell's Estate.]

a place inconsistent with his denial of his liability, he is estopped: The East India Company *v.* Campion, 11 *Bligh R.* 158, 186, 187; 3 *Bligh R.* 1; 3 *Mass.* 201. The statute cannot be pleaded on a trust.

The filing the note as stated was equivalent to a renewal of it between the parties.

*Black* and *Phelan, Donney* and *Sayers,* for defendant in error. —The statute does not merely take away the remedy. The debt itself is virtually blotted out by the legal bar. A promise does not revive the old debt, but is evidence of a new obligation, resting in a moral duty to pay. At law the appointment of a debtor executor was a discharge of the debt : 11 *Ser. & R.* 146. But our Act of 24th February, 1834, keeps alive a valid claim, and directs each debt to be included in the inventory. Nor does the appointment and acceptance of the office by the debtor suspend the remedy: the 22d section provides that no executor shall be compelled to *pay* for one year. But in this there is no suspension ; the creditor may have his action though he may not compel payment for a year.

The statute would have been an insuperable bar if John Bell, senior, had been living; the debt was eight years old when the appellee became executor. His devisee cannot do that which he would have been harmless to do himself; and if the appellee had declined the executorship, the acting executors could not have collected it. By what reason can he be then held liable by the mere force of his position, unless it can be shown that his acceptance deprived the devisee of some right ?

Where a party has his remedy at law and lies by, and then resorts to equity, he is bound wherever he would be at law: Kane *v.* Bloodgood, 7 *Chan. Rep.* 90; and see 20 *Johns. Rep.* 585; *Story's Eq.* § 1520; Smith *v.* Clay, 3 *Bro. Ch. R.* 640. Cited 2 *Story's Eq. Jur.* § 1521 and note. See specially the case of App Executor of App *v.* Driesbach, 2 *Raw.* 287. An executor cannot be considered a trustee unprotected by the Statute of Limitations for money which he denied to be due.

So a creditor, who has been appointed executor, cannot take credit for a claim barred by the statute. A testamentary trust for payment of debts does not revive debts barred by the statute; but, when clear and not merely implied, suspends the statute on debts due at testator's death: Agnew's Administratrix *v.* Fetterman's Executors, 4 *Barr* 56; Burke *v.* Jones, 2 *V. & Beames* 275. The whole position of the appellants is based upon an implied trust.

In placing his note in the inventory, the appellee acted in conformity to the requirements of the Act of 1834. See sections 2, 5, and 6.

See Christy *v.* Flemington, 10 *Barr* 129. An acknowledgment

[Bell's Estate.]

to take a case out of the statute must be clear, plain, unambiguous, and express: 9 *Watts* 380; 6 *Id.* 172; 10 *Id.* 19; 9 *Barr* 258; 6 *W. & Ser.* 213; 2 *Jones* 264; 10 *Watts* 152.

The opinion of the Court was delivered by

LEWIS, C. J.—It is the duty of an executor to produce to the appraisers "all evidence of debt" and "all claims for money," in order that they may be included in the inventory. The object of the inventory is merely to enable the parties interested in the estate to call the executor to account. It precludes no one from making defence against the claims included in it. The executor has an equal right with others to protect his own interests; and the insertion of a note against himself in the inventory, with his assent, does not preclude him from making defence against it. It is not such an acknowledgment of the debt as takes it out of the Statute of Limitations. Independent of the special circumstance, showing that the justice of the demand was not acknowledged by the executor, the case was properly decided in his favour.

Decree affirmed.